FILED
COURT OF APPEALS
DIVISION II

2013 APR 30 AM 8:36

WASHINGTON

BY____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ARTHUR WEST, | No. 42125-9-II |
| Appellant, | |
| v. | |
| ROB McKENNA, STATE OF WASHINGTON; TIM EYMAN; AND CITIZENS FOR RESPONSIBLE SPENDING, | UNPUBLISHED OPINION |
| Respondents. | |

WORSWICK, C.J. — Arthur West filed a declaratory judgment action seeking to invalidate I-1053, an initiative measure requiring a two-thirds vote of the legislature to raise taxes. The trial court dismissed the action after ruling that West lacked standing and that the action was not justiciable. West appeals, arguing that (1) he has standing to sue and (2) alternatively, the issues raised in this action warrant an advisory opinion. We stayed West's appeal pending our Supreme Court's decision in *League of Education Voters v. State*, __ Wn.2d __, 295 P.3d 743 (2013). Our Supreme Court's decision in *League of Education Voters* renders West's case moot.

## FACTS

In the 2010 election, the voters approved an initiative measure known as I-1053. LAWS OF 2011, ch. 1. I-1053 renewed a statutory requirement that any legislative act raising taxes must

pass each house of the legislature with a two-thirds supermajority. LAWS OF 2011, ch. 1, § 2 (codified at former RCW 43.135.034 (2011)[1]).

After the initiative measure took effect, Arthur West filed a complaint seeking a declaration that I-1053 violates the Washington Constitution. On March 3, 2011, West filed a motion for summary judgment.

On March 4, 2011, the State filed a motion for judgment on the pleadings, asserting that West's declaratory judgment action failed to present a justiciable controversy and that West lacked standing. At the State's request, the trial court issued an order scheduling a hearing on the State's motion before a subsequent hearing on West's motion. The trial court granted the State's motion for judgment on the pleadings and dismissed the case on April 15, 2011. West appeals.

In a separate declaratory judgment action filed in July 2011, a group of education policy advocates and individuals, including twelve state legislators, challenged I-1053's supermajority requirement. *League of Educ. Voters*, 295 P.3d at 746, ¶ 7. Like West, the group alleged that I-1053's supermajority requirement violates Washington's constitutional requirement that all legislative acts must receive a majority vote in each house. *League of Educ. Voters*, 295 P.3d at 745, ¶¶ 1-2.

The superior court granted summary judgment to the group, ruling that I-1053's supermajority requirement violated Washington's Constitution. *League of Educ. Voters*, 295

---

[1] In 2012, the voters renewed this requirement again and amended RCW 43.135.034, but the amendment does not affect this analysis. LAWS OF 2013, ch. 1, § 2 (effective Dec. 6, 2012).

No. 42125-9-II

P.3d at 747, ¶ 8. The State then sought direct review in our Supreme Court, which accepted the case. *League of Educ. Voters*, 295 P.3d at 747, ¶ 9.

We stayed West's appeal pending our Supreme Court's decision in *League of Education Voters*. Order Staying Appeal, *West v. McKenna*, No. 42125-9-II (Wn. App. Jan. 29, 2013). On February 28, 2013, our Supreme Court filed its decision in that case. *League of Educ. Voters*, 295 P.3d 743. The decision held that (1) the group's challenge to I-1053's supermajority requirement was justiciable and (2) the supermajority requirement violates Washington's Constitution. *League of Educ. Voters*, 295 P.3d at 745-46, ¶ 2.

Our Supreme Court issued a mandate on March 26, 2013. On March 29 we lifted our stay. Order Lifting Stay, *West v. McKenna*, No. 42125-9-II (Wn. App. Mar. 29, 2013). We now dismiss West's appeal as moot.

## DISCUSSION

A case is moot if it involves only purely academic or abstract propositions, if the substantial questions presented to the trial court have ceased to exist, or if a court cannot provide effective relief. *Spokane Research & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005); *State v. Turner*, 98 Wn.2d 731, 733, 658 P.2d 658 (1983). Here, the substantial question presented to the trial court has ceased to exist. West's complaint presented only one substantial question: whether I-1053's supermajority requirement is invalid because it violates the Washington Constitution. In *League of Education Voters*, our Supreme Court answered that question in the affirmative. 295 P.3d at 745-46, ¶ 2. Thus, even if West were to prevail on the issues raised in this appeal, West's complaint would present no substantial questions to the trial court. Accordingly, this case is moot. *See Spokane Research*, 155 Wn.2d at 99.

3

No. 42125-9-II

We must dismiss a moot appeal, unless it presents an issue of continuing and substantial public interest. *West v. Reed*, 170 Wn.2d 680, 682, 246 P.3d 548 (2010). No issue of continuing and substantial interest is presented here. Therefore we dismiss West's appeal.

Worswick, C.J.

We concur:

Van Deren, J.

Penoyar, J.

4